# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| LARRY LEE CURRIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:13-cv-01139 |
| v. ) | Judge Trauger / Knowles |
| ) | |
| CITIMORTGAGE, INC., et al. ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon CitiMortgage, Inc., Citi Group, Inc., and Wilson & Associates, PLLC (collectively "CitiMortgage")'s Motion to Remand to state court a forcible detainer action they filed against Larry Lee Curtis in Davidson County General Sessions Court. Docket No. 15. CitiMortgage has contemporaneously filed a supporting Memorandum of Law. Docket No. 16. Plaintiff filed the instant action against CitiMortgage, apparently concerning a mortgage he had upon a certain property, although the Court notes that Plaintiff's Complaint is essentially incomprehensible.

After the filing of the instant lawsuit, CitiMortgage apparently filed a detainer action against Mr. Currie in the Davidson County General Sessions Court. Mr. Currie has attempted to remove the detainer action to this Court, and he has attempted to consolidate it with the instant action.

As noted, CitiMortgage seeks remand of the detainer action to Davidson County General Sessions Court. Docket Nos. 15, 16. CitiMortgage also seeks attorneys' fees and court costs "because the Removal lacks merit and was brought for improper purpose." *Id.*

As grounds for their Motion, CitiMortgage argues that Mr. Currie "has failed to carry his burden of demonstrating that this case presents a federal question or arises under the laws of the United States." *Id.* CitiMortgage contends that the detainer case does not "arise under" federal law because it is a civil law enforcement prosecution brought exclusively under the Tennessee Forcible Entry and Detainer Act, T.C.A. §29-18-101, et seq., and because the detainer action at issue is, by definition, a contractually-determined act involving private parties. *Id.* CitiMortgage further contends that Mr. Currie has not: (1) shown in the Notice of Removal that a question of federal law exists in this matter which supports the assertion of federal jurisdiction over what appears to be a routine landlord/tenant dispute"; (2) properly alleged that the amount in controversy exceeds $75,000; or (3) filed a Civil Cover Sheet or the underlying Detainer Warrant. *Id.* Finally, CitiMortgage contends, "[Mr.] Currie demonstrates by his Notice of Removal that he is acting on behalf of the Larry Lee Currie Estate/Trust, thus, he does not have standing to remove the state court detainer action to this Court." *Id.* CitiMortgage also asserts that Mr. Currie "has merely attempted to remove the detainer action for the purpose of avoiding his being lawfully evicted from the subject real property." *Id.*

Mr. Currie has not responded to the instant Motion.

CitiMortgage filed detainer action number 13GT9348 against Mr. Currie in October 2013 in the Davidson County General Sessions Court. *See* Docket No. 16-1. In November 2013, Mr. Currie filed a Notice of Filing that states, in its entirety, as follows:

> CitiMortgage filed a case after I filed a federal case. Larry Currie pray that the court removal the case to be attached to the federal case. 1. Attach Legal Notice of Remove.

Docket No. 13.[1]

Federal district courts have original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. §1331. When removing an action to federal court, the burden falls on the party removing the action to prove, by a preponderance of the evidence, that the jurisdictional facts it alleges are true such that removal was proper. *See, e.g., Her Majesty the Queen v. Detroit*, 874 F.2d 332, 229 (6th Cir. 1989); *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993). Mr. Currie has failed to meet his burden. The Notice of Removal is virtually incoherent and fails to set forth any facts that would support this Court's finding that a federal question exists. Additionally, the detainer warrant supports no grounds for removal based on a federal question, and seeks only possession of the subject property. Moreover, Mr. Currie has not shown the grounds upon which this Court would have jurisdiction. Accordingly, remand of the detainer action to the Davidson County General Sessions Court is appropriate.

With regard to CitiMortgage's request for attorneys' fees and court costs, CitiMortgage has not provided any documentation or information relating to the amount of those fees and costs by which the undersigned could calculate any such award. Additionally, while sanctions are appropriate when an attorney or pro se litigant "knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims," simple inadvertence or negligence that frustrates the trial judge will not support a sanction. *See, e.g., Dixon v. Clem*, 492 F.3d 665, 679 (6th Cir. 2007); *Riddle v.*

---

[1] Mr. Currie attached to that Notice of Filing a "Legal Notice of Removal" from the Metropolitan Davidson County General Sessions Court to Federal Court. *See* attachment to Docket No. 13.

*Egensperger*, 266 F.3d 542, 553 (6th Cir. 2001); *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986). *See also*, 28 U.S.C. §1927. Mr. Currie is proceeding pro se, a relevant consideration when determining whether his conduct merits an award of attorneys' fees and costs, as greater latitude should be given to pro se litigants in determining whether to assess costs and fees. *See, e.g., Christiansburg Garmet Co. v. EEOC*, 434 U.S. 412, 421 (1978). CitiMortgage has adduced no evidence demonstrating that Mr. Currie knew or reasonably should have known that his removal was frivolous. Accordingly, granting CitiMortgage attorneys' fees and costs related to the instant Motion is unwarranted.

For the reasons discussed above, the undersigned recommends that CitiMortgage's Motion to Remand to State Court the forcible detainer action filed in the Davidson County General Sessions Court (Docket No. 15) be GRANTED. The undersigned further recommends that the Court decline to award CitiMortgage attorneys' fees or court costs.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge