# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| LARRY LEE CURRIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:13-cv-01139 |
| v. ) | Judge Trauger / Knowles |
| ) | |
| CITIMORTGAGE, INC., et al. ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon three Motions to Dismiss: the first, filed by Defendants CitiMortgage, Inc., Citi Group, Inc., and Wilson & Associates, PLLC (collectively referred to as "CitiMortgage Defendants") (Docket No. 11); the second, filed by Defendants Governor Bill Haslam and Treasurer David Lillard (collectively referred to as "State Official Defendants") (Docket No. 19); and the third, filed by Defendants Susan Harris Green and Harris Realtors, Inc. (collectively referred to as "Harris Defendants") (Docket No. 30). Each Motion is accompanied by a supporting Memorandum of Law. Docket Nos. 12, 20, 31.

As grounds for their Motion, the CitiMortgage Defendants argue that the instant action should be dismissed against them because: (1) Plaintiff has failed to provide a short and plain statement showing that he is entitled to relief, as required by Fed. R. Civ. P. 8(a)(2); (2) Plaintiff's process is insufficient and Plaintiff has effected insufficient service of process, pursuant to Fed. R. Civ. P. 12(b)(5); and (3) Plaintiff has failed to state a claim against them for which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6). Docket Nos. 11, 12.

As grounds for their Motion, the State Official Defendants argue that the instant action

should be dismissed as pertains to them because: (1) Plaintiff has failed to establish this Court's jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1); and (2) Plaintiff has failed to state a claim against them for which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6). Docket Nos. 19, 20. Specifically, the State Official Defendants argue that Plaintiff's Complaint and "Adendum [*sic*] Complaint" are "completely devoid of the required factual and legal support required under Fed. R. Civ. P. 8, 12(b)(1) and (6) to maintain a cause of action against the State Officials," and because Plaintiff's Complaint and "Adendum [*sic*] Complaint" are "based on frivolous legal theory unrecognized by courts, amendment would be futile and dismissal with prejudice is warranted." Docket No. 19. The State Official Defendants also argue that the Eleventh Amendment bars Plaintiff's claims against them because they are State officials and this Court therefore lacks subject matter jurisdiction to hear such claims. *Id.*

As grounds for their Motion, the Harris Defendants argue that the instant action should be dismissed against them because: (1) Plaintiff has failed to state a claim against them for which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6); (2) Plaintiff's Complaint contains no factual allegations; (3) Plaintiff does not assert any cognizable legal claim against them; and (4) Plaintiff's Complaint is brought under 42 U.S.C. §1983, but the Harris Defendants were not state actors or acting under color of law, which is required for a §1983 action. Docket Nos. 30, 31.

After the first two Motions to Dismiss were filed, Plaintiff filed three documents of his own: the first, entitled "Motion for Deault [*sic*] CitiMortgage, Inc. et al Banks Cannot Own Property" (Docket No. 22); the second, entitled "Motion of Dishonor, Dismissal (Removal) of Foreign Agent i.e. Attorney Edward D. Russell (BPR 26126) and Demand that the Foreign Agent Governs Himself Accordingly" (Docket No. 23); and the third, entitled "Motion for

2

Dismissal is Denied and Demand for Federal Jurisdiction and Venue for Fraud of Security Instrument, and Public Records" (Docket No. 26). While the title of Plaintiff's third document implies that it could be a Response to one or both of the first two Motions to Dismiss (which were filed prior to Plaintiff's filing these three documents), the contents of Plaintiff's three documents are essentially incomprehensible and do not directly respond to the Motions to Dismiss. Accordingly, Plaintiff has not responded to any of the instant Motions.

Plaintiff filed an eight-page "Complaint and Commercial Lawsuit" (Docket No. 1) and an eight-page "Adendum Complaint and Commercial Lawsuit" (Docket No. 3) in October 2013.[1] Plaintiff avers that those documents are:

> Complaint[s] for damages. This International Common Law Lien Lawsuit Complaint Against CitiMorgage [*sic*], Inc; Citi Group, Inc; Susan Harris Green (Harris Realtors, Inc); Wilson & Associates P.L.L.C.; Its Trustee's [*sic*] and Agent(s) for Violation(s) Towards the Secured Party, Executor of the Trust of Larry Lee Currie ens legis; Breaking the Uniform Commercial Code, Undroit, Unicritical, International Commercial Commerce Filing; Said Agreements (Contracts); Treaties Both Foreign and Domestic; Public Trust 73-10.

Docket Nos. 1, 3.

Plaintiff avers that this "is an action for damages caused by the deprivation under **'color of law'** and **'color of authority'**" of his "constitutionally guaranteed rights," as well as

---

[1] In December 2013, Plaintiff filed an eight-page document entitled "Amend to the Complaint Administrative Common Law Commercial Claim & Relief - Title 42 U.S.C. §1983, Title 28 U.S.C. §2675(a), and Rule 7022." Docket No. 24. Like the rest of Plaintiff's filings, this document is comprised of nonsensical statements, irrelevant quotes from case law and statutes, unintelligible rambling, and conclusory accusations.
Plaintiff has also filed a Notice of Filing which is a filing of seven documents (Docket No. 14) and a "Filing Exhibit A-K on Lawsuit" which is a filing of eleven documents (Docket No. 34). Plaintiff offers no explanation of, for, or regarding the documents.

"UNDROIT, UNICRITICAL, UNDRIP, ICC, UCC." Docket Nos. 1, 3 (emphasis and capitalization original). He brings this action pursuant to 42 U.S.C. §1983, claims jurisdiction pursuant to 28 U.S.C. §§1331 and 1343, seeks declaratory relief pursuant to 28 U.S.C. §§2201 and 2202, and "invokes the pendent jurisdiction of this Court to hear and decide claims arising under the **Law of the Land**." *Id.* (emphasis original).

Plaintiff's "Complaint and Commercial Lawsuit" (Docket No. 1) and "Adendum Complaint and Commercial Lawsuit" (Docket No. 3) are virtually incoherent and are comprised entirely of nonsensical statements, irrelevant quotes from case law and statutes, unintelligible rambling, and conclusory accusations. Plaintiff does not set forth actual claims or the elements required therefore, nor does he set forth actual facts relevant to each requisite element of his claims. *See* Docket Nos. 1, 3. Plaintiff's filings fail to put Defendants on notice as to what claims are being levied against each of them specifically.

Fed. R. Civ. P. 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(d)(1) requires that each allegation be "simple, concise, and direct." A claim that "is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits" violates Rule 8. *Harrell v. Dirs. of Bur. Of Narcotics & Dangerous Drugs*, 70 F.R.D. 444, 446 (E.D. Tenn. 1975). As noted, Plaintiff does not set forth actual claims or the elements required therefore, nor does he set forth actual facts relevant to each requisite element of his claims. Moreover, Plaintiff's pleadings are virtually incoherent and are comprised entirely of nonsensical statements, irrelevant quotes from case law and statutes, unintelligible rambling, and conclusory accusations. Plaintiff's pleadings violate Rule 8.

4

Additionally, even taking the contents of Plaintiff's pleadings as true, Plaintiff's failure to set forth any facts which would support any claim against any of the named Defendants is fatal.

The Sixth Circuit has also long recognized that a district court may dismiss a Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) when the allegations of the Complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999), *citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974).

For the reasons set forth above, the undersigned recommends that Defendants' three Motions to Dismiss (Docket Nos. 11, 19, 30) be GRANTED, and that this action be DISMISSED WITH PREJUDICE.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. CLIFTON KNOWLES
United States Magistrate Judge