IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LARRY LEE CURRIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:13-1139 |
| | ) | Judge Trauger |
| CITIMORTGAGE, INC., *et al.*, | ) | Magistrate Judge Knowles |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM and ORDER**

On August 20, 2014, the Magistrate Judge issued a Report and Recommendation, recommending that defendant CitiMortgage's Motion to Remand be granted. (Docket No. 35) On August 21, 2014, the Magistrate Judge issued a Report and Recommendation, recommending that three Motions to Dismiss be granted. (Docket No. 36) The *pro se* plaintiff has filed an Objection which appears to be directed to both Reports and Recommendations (Docket No. 44), and all defendants have filed responses to the plaintiff's Objection (Docket Nos. 45 through 47).[1]

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of*

---

[1]The CitiMortgage defendants assert that the plaintiff's Objection is untimely. This is in error. Objections to reports and recommendations are to be filed within fourteen (14) days after *service* of the report and recommendation. Although both Reports and Recommendations were mailed by certified mail to the *pro se* plaintiff on August 21, 2014, the signed Receipt for the certified mail (Docket No. 38) was returned to the court for filing on August 26, 2014. The court concludes that the plaintiff received the two Reports and Recommendations sometime between August 22 and August 25, 2014. Even if the plaintiff received them on August 22, 2014, because three days are added to the fourteen days pursuant to Rule 6(d), FED. R. CIV. P., the filing of the Objection on September 8 would be timely.

*Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). Objections must be specific; an objection to the report in general is not sufficient and will result in waiver of further review. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

As recited in the Reports and Recommendations, the plaintiff filed a lawsuit against numerous defendants in this court on October 11, 2013 (Docket No. 1) and an "Addendum Complaint" on October 18, 2013 (Docket No. 3). Then, on November 13, 2013, he attempted to remove to this court and consolidate with this suit a detainer action filed by defendant CitiMortgage in the General Sessions Court for Davidson County, Tennessee. (Docket No. 13) It is this detainer action that CitiMortgage seeks to remand to the Davidson County General Sessions Court. The plaintiff did not respond to the Motion to Remand, but his Objection document appears to assert that this court has jurisdiction over the detainer action under its diversity jurisdiction. (Docket No. 44 at 3) This assertion is in error. In order for diversity jurisdiction to exist, the matter in controversy must exceed $75,000. Here, it is clear that the detainer warrant seeks no rent, damages, or any other monetary award from Mr. Currie. The detainer warrant states clearly that the claim is for "Possession Only." (Docket No. 16-1 at 1) As such, diversity jurisdiction does not exist. No other assertions in the plaintiff's Objection document go to the merits of the Report and Recommendation recommending that the Motion to Remand be granted.

As to the Report and Recommendation related to the three Motions to Dismiss, again the plaintiff's Objection simply asserts that he belongs in federal court under diversity jurisdiction. As already discussed, this assertion is in error. All three Motions to Dismiss give solid grounds for dismissal of the plaintiff's claims, which were filed under 42 U.S.C. § 1983, a civil rights

2

statute requiring state actors or actions under color of state law. The plaintiff makes no specific objection to the Magistrate Judge's conclusions about these three Motions to Dismiss.

In general, the plaintiff asserts in his Objection document that the court should be lenient with him because he is a *pro se* plaintiff. However, As the Sixth Circuit has recognized, *pro se* plaintiffs must comply with the FEDERAL RULES OF CIVIL PROCEDURE. *See Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991) (no persuasive reason why a *pro se* plaintiff should be accorded special consideration under the circumstances, where plaintiff failed to adhere to readily comprehended court deadlines of which he was well aware); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988) (court adopts rule that no special treatment was to be afforded ordinary non-prisoner civil litigants who proceed *pro se*); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing cases in which courts have required *pro se* parties to comply with basic pleading requirements). In *McNeil v. United States,* 508 U.S. 106, 113 (1993), the United States Supreme Court stated:

> [W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As we have noted before, 'in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of even handed administration of the law. *See also Brock v. Hendershott*, 840 F.2d 339 at 343 ("The application of the law must be equal, even for those who have no attorney.")

For the reasons stated herein, the plaintiff's Objection is **OVERRULED**, and the Reports and Recommendations (Docket Nos. 35, 36) are **ACCEPTED** and made the findings of fact and conclusions of law of this court. For the reasons expressed therein, the following are hereby

**ORDERED**:

1. The Motion to Remand filed by defendant CitiMortgage is **GRANTED**, and the detainer action (Docket No. 16-1) is **REMANDED** to the General Sessions Court for Davidson County, Tennessee for further proceedings.

2. The Motion to Dismiss filed by the CitiMortgage defendants (Docket No. 11) is **GRANTED**, and all claims against these defendants are **DISMISSED WITH PREJUDICE**.

3. The Motion to Dismiss filed by defendants Haslam and Lilliard (Docket No. 19) is **GRANTED**, and all claims against these defendants are **DISMISSED WITH PREJUDICE**.

4. The Motion to Dismiss filed by the Harris defendants (Docket No. 30) is **GRANTED**, and all claims against these defendants are **DISMISSED WITH PREJUDICE**.

5. To the extent that filings by the plaintiff on November 27, 2013 (Docket Nos. 22, 23) and on December 16, 2013 (Docket No. 26) are considered motions, they are hereby **DENIED**.

It is so **ORDERED.** This Order shall constitute the final judgment in this cause.

Enter this 15th day of September 2014.

_____  
ALETA A. TRAUGER  
U.S. District Judge